IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FAROUK MEHIO,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH D. SONNTAG, D.D.S., M.S.,<br><br>    Defendant. | Case No. 2:11-cv-552-SA<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Magistrate Judge Samuel Alba |

Before the court is a complaint filed by Plaintiff Farouk Mehio, a pro se plaintiff who is proceeding *in forma pauperis* ("IFP"). (Docs. 1, 19.) Due to the complaint's failure to state a claim on which relief may be granted, the court orders that Plaintiff's complaint be dismissed pursuant to the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## **BACKGROUND**

According to Mr. Mehio's two-page complaint, Defendant Dr. Sonntag provided dental services to Mr. Mehio in 2007. (Doc. 1, at 1 & 3-6 (exhibits).) Mr. Mehio alleges that Dr. Sonntag then charged Mr. Mehio for dental services that he did not perform. (*Id.* at 2.)

On June 15, 2011, Mr. Mehio filed his complaint, along with the required $350 filing fee. (Doc. 1.) On September 12, 2011, Mr. Mehio applied to proceed IFP. (Doc. 6.) The court

granted Mr. Mehio's IFP application on November 22, 2011, and ordered that Mr. Mehio's filing fee be refunded to him. (Doc. 19.) Thus, Mr. Mehio is now proceeding IFP.[1]

## ANALYSIS

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding IFP, section 1915(e)(2)(B)(ii) applies to this case.

Because Plaintiff is acting pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Of course, a broad reading of Plaintiff's complaint does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.* It is not the court's proper function to assume the role of advocate for Mr. Mehio or any other pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Having examined this case, the court concludes that Mr. Mehio's complaint fails to state a claim on which relief may be granted because this court lacks subject matter jurisdiction. Federal

---

[1]The parties consented to magistrate judge jurisdiction on September 26, 2011 (Doc. 15); thus, the parties may appeal from the decision of this magistrate judge directly to the United States Circuit Court of Appeals for the Tenth Circuit in the same manner as an appeal from any other judgment of this district. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

courts are courts of limited jurisdiction. For this court to have jurisdiction over a case, the complaint must raise a federal question or satisfy the requirements of diversity jurisdiction.

Mr. Mehio's complaint does not raise a federal question, i.e. a claim that relates to federal law. Instead, Mr. Mehio appears to allege a common law fraud claim, which is rooted in state common law.[2]

Likewise, Mr. Mehio's complaint does not satisfy the requirements of diversity jurisdiction. For the court to have diversity jurisdiction, the matter in controversy must exceed $75,000 and the parties must be domiciled in different states. *See* 28 U.S.C. § 1332. Mr. Mehio's complaint does not set forth information that satisfies either requirement for diversity jurisdiction. Mr. Mehio and Dr. Sonntag both appear to be domiciled in Utah. Also, Mr. Mehio's complaint does not seek more than $75,000; instead, Mr. Mehio appears to seek less than $3,000.

Therefore, because Mr. Mehio's complaint does not address a federal question or present a claim subject to diversity jurisdiction, the court lacks subject matter jurisdiction in this case, and this case must be dismissed.

Finally, the court notes that Mr. Mehio's complaint also fails to meet basic pleading requirements. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff fails to specify or itemize any causes of action and instead simply provides two pages of factual allegations and a bare assertion of fraud; thus, Plaintiff has not even "offer[ed] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" *Iqbal*, 129 S. Ct. at 1949, by identifying for Dr. Sonntag and the court which causes of

---

[2] Because Mr. Mehio does not specify what cause of action he is asserting, the court has inferred Mr. Mehio's fraud claim by liberally construing his complaint. *See Riddle*, 83 F.3d at 1202.

action he seeks to bring in his complaint. On occasion the court allows pro se plaintiffs an opportunity to remedy deficiencies in their complaints by filing amended complaints, *Hall*, 935 F.2d at 1110 (stating that a pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [him], should be allowed to amend [his] complaint"); however, because the court does not have jurisdiction over Mr. Mehio's fraud claim, any attempt to amend the complaint would be futile, *see Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining that it is appropriate to dismiss a pro se plaintiff's complaint with prejudice "where it is obvious that the plaintiff cannot prevail on the facts [he] has alleged and it would be futile to give [him] an opportunity to amend" (quotation omitted)).

## **CONCLUSION**

Based on the above analysis, **IT IS HEREBY ORDERED** that Mr. Mehio's complaint be **DISMISSED** pursuant to the IFP statute for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 1st day of December, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge